Good morning, ladies and gentlemen. Judges Nguyen and Sung and I welcome you to the Ninth Circuit. And I'm just going to go over a few housekeeping matters before we start. I'll call the cases in the order that they're on the calendar. And if you are here for a case that's going to be argued, by your case you have a time designation. And if you are the appellant, expect the time that you have is your full time. So if you want to reserve any time for rebuttal, then if you'll let me know, I'll try to let you. I'm looking right at the calendar. It counts down and then it goes up. And just because it goes up doesn't mean I gave you extra time. It means you've moved into overtime. So aspirationally, if you let me know what time that you would like to reserve, I'll try to let you know when you get to that point. The one thing that I will tell you that obviously I know you have things that you came here to say, and we of course want to hear them, but you have to understand that we're deciding your case. So my colleagues and I will undoubtedly have questions for you. And so when the time runs out, if any of the judges are asking you questions, you don't have to ask permission to continue. Please continue to answer the judges' questions. But otherwise, you'll be left to a state of your time limit as far as that goes. And then I also understand on one of the matters, I think it's the last one, that we have two people arguing splitting time for the appellees. And each side has a total of 20 minutes, meaning the appellant has 20 minutes total with any rebuttal time, and that the defendants are splitting their time, the defendant appellees are splitting their time 10 minutes each. Just so that you know, one of you will go first, and you don't have rebuttal time as the appellees, but you'll be kept to your time. But if you're the second one, and you see that the judges are asking questions of the person before, and the time clock is continuing, don't be concerned. I will let the second person have their full amount of time. If the judges take the first person, so you don't need to leap up to the podium and pull them down if you think that they're taking up your time. If you're the second person, you will get your time as far as that goes if we take them. All right, the first matter on calendar is Norma Lahone v. Martin O'Malley, case number 23-3216. That's been submitted on the briefs, will be submitted as of this date. Second case, Chad Snyder v. Martin O'Malley, 23-3674. That's submitted on the briefs, will be submitted as of this date. United States v. Mark Samuel Baker, 24-1242, submitted on the briefs, will be submitted as of this date. Gail Ashford v. City of Brownsville, 23-2804, submitted on the briefs, will be submitted as of this date. Also, Eric Zeitlin v. Natalie Wettenhall, 23-4035, submitted on the briefs, will be submitted as of this date. The first matter on oral argument is Arnaud v. Luce v. White Pine Circle, and my understanding on this one is that's 23-3982. Each side has 15 minutes total, and it looks like also on this one there is split time, so the appellant has 15 minutes total for everything. On the defendant appellees, we've got David Amon, who has set for 10 minutes, and then we have May Amelia Stiles, who is remote for 5 minutes. Can you hear us okay, Ms. Stiles? I can, thank you, Your Honor. All right, everyone can hear everyone okay. Were we going to have, was Mr. Amon going to go first, or Amon? Okay, thank you. All right, so we're ready to proceed on that case. Each side has 15 minutes total. Good morning. Good morning, Your Honors, and may it please the Court, Scott Schaefer on behalf of Plaintiff's Appellant Arnaud v. Luce and the Institute of Classics in East Asian Medicine. We refer to that as ICEAM. With the Court's permission, I'd like to reserve 2 minutes for rebuttal. All right, well, let's hope so. Okay, go ahead. We're in front of you this morning because the lower court disposed of a copyright infringement and pendant breach of contract case on summary judgment, but because so many facts were in dispute in the case, our concern is that the district court only viewed the factual record and construed it in defendant's appellees, which is White Pine Circle's favor, rather than the other way around. Because here we are in summary judgment, where every reasonable inference has to be viewed in the plaintiff's favor. So we really want to focus on the factual record and to determine whether the district court really determined the factual disputed questions as a matter of law rather than letting it go to a jury. Well, now, I understand on the PowerPoint, so the slides, that we had conflicting experts, correct? That's correct. All right, but can you tell us exactly which slides you think are being infringed? Exhibit 2 of Maystyle's declaration pointed us to the three different PowerPoint presentations, each about 40 pages with two slides per page. So 80 total slides per presentation and 240 total slides altogether. You're not saying defendants are infringing all 240 slides, are you? No, Your Honor. There certainly are differences in the slides. So it wasn't a direct one-to-one copying of all the slides, but there was a significant and substantial taking and copying of the, not just the information, but the expression of those slides and the praxis, the way they were put together, the order of the quotes that were taken, the quotes that were selected. And, in fact, it's important to note that we're talking about Chinese medicine, which has a 2,000-year history. Well, I don't think I agree with you that quotes or words used in the PowerPoint or slides or even their arrangement is entitled to copyright protection. So although I may agree with you that some of the PowerPoints are, but which ones are they? I mean, you just, like, throw a whole bunch on the table and figure that out? Well, when you have, just taking quotes as an example, if you have 2,000 or more quotes in classic Chinese medicine related to, for instance, the subject of these slides, but only 10 of them were selected for Plano's, Dr. Arnaud's presentation, it's suspicious. But it doesn't seem like just translating slides that are out there on the Chinese medicine makes them entitled to copyright protection. Well, not in if you take them on a one-to-one basis, but collectively if you're talking about the selection. I'm sorry for interrupting. The problem that you have, that I have with your case is that you're doing the same thing here that you did in the district court. They filed for summary judgment. They said that there's no evidence of infringement, and the papers just really don't lay out where disputed facts really are. The factual basis of your claim essentially was because the experts disagree, and so therefore we have disputed facts, and so therefore we need to have a trial on this issue. And as I read the district court's transcript at the hearing on summary judgment, I'm not at all unsympathetic to the district court's view because the district court gave you so many chances to identify exactly where the disputed facts are. And as Judge Callahan said, the same thing. So you've got to be a lot more specific than that, because otherwise you're not countering their allegations on summary judgment. Right. So we have a list of some of the similarities in the briefing, and so I'd like to go through them if I can. You probably have copies of the documentation. So in Volume 3, 145, there's the statement that not only does Zech and Weissenbaum use the same classical quotes as Versluis, but they copy them. And he goes through some examples of where the copying is. Where the graphs are used as the teaching materials, this would be 3, 147, and 148, that Zech used the same graphs as Versluis to teach the physiology of two different concepts, the three burners and the three layers. And then just generally just the order and arrangement of presenting the slides to express certain concepts. Counsel, if you're relying on a compilation theory, and that there's a selection and order and arrangement of materials, under our case law, under the statutory standard, we have to view the work as a whole, and they have to be virtually identical. So is there a presentation done by defendants that uses the same selection and order that is virtually identical to any of the three copyrighted presentations viewed as a whole? Yes, Your Honor. I think the – Which one? You're referring to – Which of the copyrighted presentations you contend is virtually identical to the defendants? Which of the slide presentations? Which of the three copyrighted presentations is virtually identical to the defendants? Well, I would say that the presentation of the Shonkun Lun and Jingwei Yalu slide presentations are essentially identical to one another. And we're taking – I think the important part is that someone in the industry, such as the experts who would be viewing those slides, would recognize them as coming from plaintiffs' appellants in this case. And so it's not simply just the idea of it, which is what the contract portion of the case covers, but for the copyright portion of the case, the selection and arrangement and the ordering to create the praxis, the teaching of these concepts is essentially identical. And this is the conclusion that our expert came to, who teaches in this field as well, keeping in mind that there is a universe of different ways to teach these different concepts. Well, a problem I have is I read your expert report, and most of the expert report is focused on the content, which you concede is not protected under copyright. It's focused on the ideas and the facts that are related in the presentations. So for the purpose of copyright, which you concede, we have to focus on the form of the expression. So can you identify with specificity, I think as my colleagues have asked, which slides you contend are identical in form, or at least substantially similar in form to the defendant's? Yes, I think one of them is actually highlighted in our briefing. I don't have the page number. It's in my booklet right there, but it's in one of the briefings where they have the expression of the yin and yang symbol. But is that actually in the copyrighted materials? I believe it is, and you can correct me if I'm wrong. I don't want to speak out of turn. My understanding, that particular yin-yang slide is not in the copyrighted materials. If you have a record citation that you can show me that that particular yin-yang slide is in the copyrighted materials, let us know. It would be helpful if you have a citation to the expert report, the ER, so that we can look at the exact same thing. So I go back to my point. I share the district court's frustration at having to look through the expert report and figure out exactly what the disputed facts are, because you don't pinpoint to the particular slide or to the particular page in the expert report that we can look at and say, oh, okay, well, is this really sufficient to create a triable question of fact? Right. I think I gave some. It was 3ER145, ER147, 148, and 3ER149. So if you go at ER147, let's talk about the upper burner on the upper jowl slide. It has the three overlapping ovals, the heart, then the pericard, and then the upper burner mist. Do you need to present these concepts in concentric ovals in this way? Is there another way to express this concept on a PowerPoint slide? How does your client decide to present the information this way? All right. I have the booklet in front of me. So obviously there is probably a universe of methods of explaining the orientation, the comparison, the interrelatability of these different concepts. It was the conclusion. There's lots of ways to display it, but it was clear to our client when he reviewed it and to the expert that these ways of treating these concentric circles, and I think this is probably maybe a better question for the defendant's appellees, is why they chose to express it in this way rather than in a different way. Because although it seems that without understanding these different concepts, that they are different in color and ovals are shaped slightly differently, but that the information in there is the same, and the way that they are arranged in this drawing to express that information is nearly identical. Well, if these are factual relationships, and this is a diagram of how one thing relates to another, there are only so many ways you can diagram that. And we're talking about a fairly simple Venn diagram. Right. We're talking about that. Now, remember, we're operating under summary judgment. And so given the benefit of the doubt to the non-moving party, which in this case is the plaintiff, Dr. Versluis, you would give at least some weight to the conclusion of the expert. But where in the expert report does it say that this particular diagram is creative and original versus something that's necessary to express the factual information contained therein? Well, the expert report, I don't believe, talks about that particular issue in terms of expression versus idea. Right. And I believe the expert report says the content is the same even though the form is not, and the content is not protectable. So the form, and the form is not identical. So my question is, and defendants say the form is essentially this relationship, this type of diagram is necessary because there's only so many ways to express the relationship between these things, these facts. Well, the expert certainly doesn't come to that conclusion that there are only so many ways to express this concept. We don't always need an expert. And we have cases like Apple versus Microsoft, other games where we say there's only so many ways to represent certain common items or certain simple diagrams. There's only a certain number of ways to express something that's not going to be entitled to copyright protection. Right. The bar, of course, for recognizing copyright is fairly low in terms of determining where the creativity lies. And our presentation is that this rises to that level, that not necessarily just taking it out of context with just one-to-one slides, but when you take it in the context of everything together, especially in the order in which they're arranged, and to hold otherwise would kind of discount copyright in really any educational presentation. Certainly somebody wouldn't say that a history book is not entitled to copyright or a PowerPoint presentation in certain ways would not be entitled to copyright if presented in a certain way. And we're saying that although it presents factual information, it presents it in an order using words, using diagrams that are unique. Are all the slides that you contend are infringed in expression identified in your brief? In our brief, which includes the expert reports, yes. Identified with specificity in the brief, not by referencing generally. The expert report is very long, so I'm asking, does your brief – and you gave some examples of a handful of bullet points of things that you pulled from the expert report. Have you identified with specificity each slide from the copyright materials that you contend were identical in form or substantially similar in form? We don't believe that – we don't necessarily believe that it was a comprehensive explanation of every single similarity. Let me ask the same question another way. What do you want us to look at? Because saying I want you to look at the entire expert report is not sufficient. It's not our obligation to search through the record to figure out where the disputed facts are. It's up to you to identify where the disputed facts are. So what do you want us to look at other than the slides identified in your briefs? Well, those are the ones we wish you to look at. And so these are referenced in the pages that we're looking at right now in terms of the concentric diagrams, the labeling, the terminology of those slides used, and they're ordering within the presentation documents itself. And as well, the – not just the fact that there are, you know, short quotations that have been translated, but also the fact that out of the universe of quotations that only certain ones were selected. So you're in overtime. Yeah. Yeah, you've used all your time. Do either of my colleagues have any additional questions? All right. I'll give you two minutes for rebuttal. Okay. Thank you, Your Honor. All right. Good morning. Good morning. Go ahead. Take your time. Are you – go ahead, state your name and appearance and tell me if you're dealing with a certain issue. I'm going to do that, Your Honor. Okay. Thanks. May it please the Court, my name is David Amon, representing the appellees who are the defendants below. My co-counsel, May Staus, is here remotely. She's going to be addressing the merits of the copyright infringement claim. I'm going to be addressing the issues of waiver, both on appeal and at the district court level, and the contract claim. Okay. So the district – excuse me. This Court can and should affirm the district court's grant of summary judgment on three separate grounds. First, the appellants have not properly raised and argued the issue of waiver at the district court level in the opening brief here on appeal. Second, the district court properly found that the plaintiffs had failed to meet the arguments that had been made on summary judgment. Now, on that basis, the district court properly found that there had been a waiver at the district court level as well. Well, can you honestly tell me that you think that Dr. Versluis intentionally relinquished, quote-unquote, his right to argue that your PowerPoint slides are substantially similar to his? That's what waiver requires, an intentional relinquishment of a known right. We do, because at the district court level, Your Honor, the plaintiffs did not articulate in the briefing that they provided to the district court, did not articulate what evidence met the arguments that had been raised by the defendants, and did not articulate responses to any of the specific arguments that were made at the district court level. But not doing a good job is different than intentionally relinquishing, and that's where I have problems with your waiver argument. I mean, I already articulated, like, dumping a whole bunch out there and expecting the district court to wade through that is not the best way to present an argument, but waiver requires intentional relinquishment. So I guess, let me respond both on the contract claim on that issue and on the issue on the copyright claim. So starting with the contract claim, there was no argument provided in response to the summary judgment motion on the question of overbreadth on the restraint of trade issue. There was no argument provided. I mean, I think we have cases that say that the terms waiver and forfeiture are waivers overused, and waiver really means what Judge Callahan said, but we can have something called forfeiture, which is less than waiver, which is generally, I think, what we talk about is when someone fails to adequately respond to a particular argument, but that we have discretion to overlook forfeiture. So without getting overly concerned about the semantics here, on summary judgment, you were the moving party, and we also have case law that says, as the moving party, even if the other side doesn't respond at all, the court has an obligation to determine whether the moving party met their burden. So I think maybe we just can move on from semantics to whether you met your burden as the moving party and then what arguments were raised in response to that. Certainly, Your Honor. And that's why one of the things that we're doing here, and you could hear it in the opening, was that we're going to address the merits. And frankly, what Judge Mossman did below is he did address the merits, and he looked at the arguments that had been raised on summary judgment by the defendants, evaluated them, and then asked the plaintiffs what the response was. Well, they did file a response, and the part that probably sticks the most is in the craw, the claw. I don't know what it sticks in. But anyway, you've got the dueling experts, and you do have an expert that said there is a substantial similarity. And so for me, it's hard to get past how the district court didn't weigh that, those declarations or those affidavits or whatever. I mean, even if they weren't, because I think your friend on the other side has raised that it's not a very high burden that substantial similarity should go to the trier of fact and not be resolved at the summary judgment stage. And so if you've got two experts, which have more expertise perhaps than I do, and one says they're substantially similar, the other says they're not, why is it not just weighing those affidavits and that's not appropriate at summary judgment? Well, it's not appropriate, because if you look at what the motion for summary judgment did, what the defendants did below on the motion for summary judgment was walk through in detail, and Ms. Stiles is going to talk about this a little bit more, but walk through in detail kind of the waterfall of arguments about why what the expert report and evidence from the defendants said, or excuse me, from the plaintiffs said, did not make out a copyright infringement claim and then did not make out a contract claim. And that showing in and of itself was sufficient to grant summary judgment. Well, I might have a different view of the copyright and the contract tentatively. I mean, we don't conference on these cases before we come here, so that's just, it seems to me that on the contract claim that if I don't accept your waiver argument, it does seem to be a restraint that isn't allowed under the law, and that's what I think your strongest argument would be. That is the argument, Your Honor, on the merits, which is under Oregon law, if you have a restraint of trade, it has to meet certain elements, and here we raise the argument on summary judgment that it did not because it was overbroad in scope and it was unrestricted in terms of time limit, and there was no response to that, and Judge Mossman, I think, correctly found that under Oregon law, that restraint is unenforceable, and so the contract claim had to be dismissed. It was also, we also raised in the summary judgment motion below, and Judge Mossman did comment and state at the hearing, it's not in his opinion, that the contract claim, that there wasn't sufficient evidence showing here's the, kind of following up on your questions, here's the specific slide, here's the specific information, it's confidential, here's why it's confidential, and here is where and when it was used by the defendants. There was no evidence of that presented, and it certainly wasn't articulated in any of the papers below, but it wasn't presented. Well, the expert did say there was substantial similarity, though. That conclusion's there, right? I agree. So how can I disregard that without just saying it's a sham affidavit or that there's no, I mean, what, you know, I'm sort of getting to that I have to weigh the evidence to completely disregard that. So I think, first of all, a blanket statement of substantial similarity from an expert does not meet the standard of summary judgment, and that is exactly what the defendants did in the summary judgment papers when they walked through for the judge kind of the multiple steps to reach that conclusion, starting with... Well, I see more of frustration on the district court's part that you're just, you've got 240 slides here, you're not really explaining to me which ones are and which ones aren't, but you still do have the conclusion. It reminds me a little bit of a medical malpractice case that one doctor says it's below the standard of care and the other one says it meets the standard of care. It seems, you know, usually when you're in that situation, you've got a tribal issue. That may be the case, but here saying they're substantially similar without walking through the analysis is not enough to satisfy the plaintiff's burden on summary judgment. So as an example, as you start to walk through... Well, so do I just, so do you have to just disregard that expert's testimony to reach your conclusion on summary judgment? No, you don't, but what you have to do is look at the specific information that's in the expert's report. So, for example, starting with which elements, you start with which of the, what of the information, what of the slides that are in the report are actually works that are protected because there's a lot of the testimony that does not relate to copyrighted material. Second, then, is in looking at each one of the specific slides, and your honors already asked some questions about this, what elements of it are protected and not protected? So if the expert... That's why it's, I don't know why you're leaning so much on the waiver doctrine, maybe because the district court had styled it as a waiver, but to me this is an application of the normal summary judgment standard. You filed a motion that identified specific slides and walked through why there's no substantial similarity, and the district court asked them to come forward and identify with reasonable particularity where the disputed facts are, and they didn't do it. So I think that's one way to look at the record and see why the district court's analysis was much more cursory than we would normally see on summary judgment when you have two expert reports side by side. We agree, and we think that on the merits of the summary judgment motion, forgetting about waiver, that the court reached the right decision. Let me find out, do you have any additional questions of this? Your time's up. Thank you. All right, so we'll go over to Ms. Stiles. You have five minutes. May it please the court. My name is May Stiles. I'm here on behalf of Defendants White Pine Circle, Defendant Appellees White Pine Circle, Sharon Weisenbaum, and Nadine Zesch. I want to address the topic that we have been discussing now because the most important thing about our argument below and the reason that it's, in my view, not important when the other side says, hey, we have competing expert reports, is our analysis took as read. Zev Rosenberg's report is 100% true. We did not rely in any way on our own expert, and the presentation we made concerning it. But, okay, so, like, if you look at our case, on the Bikram Yoga case, okay, the Ninth Circuit recognized that the pictures or words of Mr. Bricker News in the book was copyrighted, copyrightable and protected, but the actual practice of the yoga sequence was not. So, his expressions in the book were protected. Why isn't Dr. Versluis's expressions in his PowerPoint presentation protected? Well, there's several reasons why copyright protection, if available for Dr. Versluis at all, is quite thin here, and I think Your Honor's touched upon sort of the last piece of that logic in your questions to Attorney Schaffer, and that is that this is a compilation of otherwise unprotectable facts. Well, but you've got the slide, okay, I went over the upper burner and the upper jowl slide. It's got three overlapping ovals, the heart, the pericard, and then the upper burner mist. Do you need to present these concepts in concentric ovals? Is there another way to express this concept on a PowerPoint slide? I'm sorry, Your Honor. Go ahead. No, it's okay. That question is directly answered in the expert report on page 3R147. Mr. Rosenberg says, the use of this doctrine, meaning these concentric ovals as I read it, is required to conclusively teach the pulses of the Jingui Yaoli formulas, and that is the repeated refrain of this expert report. The reason he concludes that Ms. Zesch's slides are infringing is because they're expressing similar, not the same, similar ideas as Dr. Versluis expresses, and that is his whole thesis. You see at the outset of his expert report, he says very clearly, his thesis is that Dr. Versluis has the right to own the idea of his system, and then he proceeds to analyze not just the slides, not just the works, but the entirety of Dr. Versluis's teaching and the entirety of Ms. Zesch's teaching, including her oral words, Dr. Versluis's oral words, and what that comes together to show is that as a compilation, all we're looking at is a set of very similar ideas, and what the court in Bikram found was that when you have a copyrighted work that's just presenting a recipe, a... But if some of these are ideas, let's say I agree with you, if you just translate things, okay, those might be ideas, but slides are not necessarily just ideas. They can be copyrighted. So how do I get past that one expert says they're substantially similar, the other expert says that they aren't? Well, our analysis is based entirely on the fact that taking Zev Rosenberg's assertion as true, that they're substantially similar, there's still no copyright protection for them. You could have similar ideas in two different compilations. Look at phone books. But those ideas, those similarities aren't protectable, and what we can't get to and what Dr. Versluis and I can't get to is a reasonable, legally underpinned argument that says these ideas are protectable, and here is where the two... Here's where that protectable idea is infringed by Ms. Zesch. That information is never provided because it doesn't exist, and you see that in the chart that we've presented in our briefs. Those eight slides are the only places in the entirety of the copyrighted works that Mr. Rosenberg alleges there are substantial similarities. It's eight examples in much larger slide decks that are not identical, and the content of those slides is these diagrams, which their expert admits they're required to teach these ideas, and then translations, which again, these are not protectable translations. There's nothing in the art of these slides that is protectable. Counsel, so I think it's been conceded that the content, meaning the information being relayed in the presentations, is ideas or facts that are not protected. So then I think it comes down to diagrams and the similarity between the diagrams. I understand your position to be that the sanse faire or necessity doctrine applies to the diagrams, but we don't have expert testimony saying that the relationship between the stomach and the middle burner is such that there's only really, the only real way to diagram the relationship is to have this type of Venn diagram or concentric circle. Is that testimony necessary for us to apply that defense here? If not, do you have a citation that you can give us to say, or what is your argument as to why we can find the necessity defense applies? Well, I think that information is rooted right in the expert report that we're talking about. And again, I point to the citation. I read it, and it doesn't, I mean, it says the use of the doctrine is required to teach the pulses. It doesn't say that the relationship between these two items in the diagram is such that there's really no other way to diagram it. I understand that. And I would argue that that's a bit of a fine line to draw, but at the same time, what we're talking about, and I think what Mr. Schaefer was arguing, is that, again, this is a compilation. And so when we talk about comparing substantialist similarity in a compilation, we're talking about the necessity of providing exact copying. My understanding would be those are two distinct theories. They could have a compilation theory, right, which is that as a compilation of factual information, as a whole, it's copyrightable, and your defense would be is the compilation is not similar enough as a whole. But then they can have a distinct theory of saying particular parts of the copyrighted works have been infringed, which would be separate. And I think I'm focusing on the latter, which would be what I understand to be the claim that particular slides have been, at least in form, copied. Or are substantially similar. So, and I understood your main defense on that part of the claim would be that there's really no other way, the Sanse Affair defense, there's really no other way to express the relationship between these things. There's really no other way to diagram it. And they're not so similar that, you know, that it's not a virtual copy. So, is there any, you know, I understand that was your argument in your brief. What I don't have is, I think the missing part for me is something saying that this really is a relationship that can only be diagrammed this way. I concede that that is not present in Zeb Rosenberg's report, and we did not cite it from Andy Ellis's report. I think that what we took was more of a 30,000-foot view in view of Bikram that, yes, in a view of a compilation, these similarities are not problematic because of that necessity that Rosenberg admits, but in a separate scope and under a separate lens, if you look at this in the view of the Bikram court's analysis of what is and is not copyrightable, what these diagrams are talking about is the same thing that all of Dr. Versluis's slides are talking about, which is the formula, the recipe, the facts behind pulse diagnosis. And I understand where you're saying, okay, we have these charts, and maybe Ms. Sesh could have expressed it in a different way, but I would argue that the similarity between the charts is not so apparent, such that it's obvious that she copied from him. In fact, if you look at the upper burner chart, this is a great example. Well, when you say it's not so apparent right now, my cross-examination wants to say, well, isn't that, doesn't that make it a triable issue? So let me ask my colleagues if they have any additional questions because you're a lot over time. No, they don't. So we'll conclude your argument on this. Thank you. So both sides went over, and so I'm giving two minutes just for a rebuttal, and that's all. Thank you. Thank you, Your Honors. I think it's important to recognize that what the genesis of this lawsuit was based on an admission by one of the appellees in this case that basically said that she's teaching, not basically, explicitly and unambiguously said that she's teaching his system. And I think it's clear in looking through the slides, the presentation, the information, which is more the contract issue of what that similarity is. And I'll just go ahead and reference the slides on 147. You saw in the red brief it said, and I'm asking White Pine, if you concede that, quote, expressions about Pulse diagnosis, unquote, are similar to those of Dr. Versluis' PowerPoint slides. So that's what the concession you're talking about, right? That quote is just in further explanation of some of these slides. I just want to go ahead and reference very quickly the one on 147 and 148. That's the upper jowl slides and the middle jowl slides. And you'll notice that in addition to the kind of concentric ellipses, that there is concentric ellipses on the left-hand side with the same information, the same expression, the same wording. And in the middle jowl, the concentric ellipse, the single concentric ellipse is in the upper left-hand side. There are, of course, many different ways to express kind of concentricities. And the fact that these are so similar and identical in these instances of teaching this concept shows that, and especially in the context where she says explicitly that she's teaching a system, I think it's clear that she was in the act of copying. You said that the system under our case law, Bikram Yoga, and under the statute is not protected under copyright. And you've said over and over again you're only arguing the system under the contract claim. So under the copyright claim, we have to focus not on the content but on the form. And you're saying there's only so many ways to express concentric items. I don't know of actually any other way other than concentric circles to diagram concentricity. Is there another way? Well, first of all, you can have boxes. You can have any particular shapes. You can have different- If they had used squares, you would not be here? In addition to that, I'm sorry, Your Honor, because I'm trying to be cognizant of the time. We're already over time, so just answer Judd's question. Yes, just the location of being in the upper left-hand corner shows that that was a selection, a conscious selection of where to put those, where to place those in this expression of this concept. Okay. So let me ask one clarifying question, if I may.  So when we go back and look at this case again post-argument, what you want us to analyze is a compilation theory, right? Yes. And then as to specific slides that you claim are infringing, you want us to look at your best examples would be 3ER147, 148? That's correct, as well as the selection of the particular quotations that are used in the slide presentations as well. That would come under your compilation theory. Yeah, that's right. All right. Thank you for your argument. All right. Thank you both for your argument. This matter will stand submitted.
judges: CALLAHAN, NGUYEN, SUNG